Joseph Jackson LENE, Sr., Administrator of the Estate of Joseph Jackson Lene, Jr., Deceased, Respondent,

v.

M. F. A. MUTUAL INSURANCE COMPANY, a Corporation, Appellant.

No. 22572.

Kansas City Court of Appeals.

Missouri.

May 6, 1957.

L. F. Cottey, Lancaster, for appellant.

Hess & Collins, Macon, for respondent.

SPERRY, Commissioner.

This suit was brought by Joseph Jackson Lene, Sr., the administrator of Joseph Jackson Lene, Jr., deceased, against M. F. A. Mutual Insurance Company, a Corporation, defendant. Plaintiff sought recovery of $500 for medical and funeral expense of deceased resulting from an automobile accident while deceased was a passenger in another automobile not owned by deceased, or by Clifford Lene, who was deceased's adult bachelor brother, and who lived in the same home with deceased, together with their parents. Trial to the court, on an agreed statement of facts, resulted in judgment for plaintiff for $500, the full amount of the policy coverage under its "Medical" provisions. Defendant appealed.

Deceased was a bachelor, over 21 years of age, and lived at a farm home with his aged father and mother, who owned the 210-acre farm. Deceased's brother, Clifford, 24 years of age and unmarried, also lived at this home. The two brothers owned all farm equipment and livestock used on the farm, tilled the farm (the father being physically unable to do farm work) and rented and tilled other land. They paid no rent on the farm but all of the family lived by the proceeds of this farm, the mother doing the home work.

Clifford purchased an automobile, it being the only automobile owned by any member of the family. It was used by all members of the family. He was issued a policy of insurance thereon by defendant. That policy contained the following provision, upon the construction of which the decision in this case hinges, to wit: "Coverage 1— Medical Payments—To pay the reasonable expense incurred within one (1) year from the date of accident for necessary medical, dental, surgical, ambulance, hospital, professional nursing and funeral services, * * * and (b) to or for the first named insured and while residents of his household, his spouse and the relatives of either, who sustain bodily injury, sickness or disease caused by accident, while in or upon, entering or alighting from any automobile not owned by any of such persons covered under (b) hereof, or through being struck by any automobile."

Plaintiff's theory of this case, and the basis upon which he seeks recovery, is that the deceased was a resident of the household of the insured, Clifford Lene, within the scope and meaning of the above policy, at the time he was injured and died.

Defendant seeks to avoid liability on the ground that the words "his household" means a household headed by insured, Clifford Lene; that it does not mean a household of which Clifford Lene was a member, together with deceased. Plaintiff contends that the words used may be properly construed to mean the household of which insured was a member.

Defendant admits that this clause, providing broader coverage than is generally used in such policies, was incorporated in order to bring about wider sales of defendant's policies. It argues that, since it is an "inclusion" clause, it should be narrowly construed. Plaintiff says it should be liberally construed, so as to promote the object and purpose for which it is designed.

■ We think the words "his household" could mean the household headed by insured; but it could also mean the household of which insured is a member. The policy was sold to insured, but the clause in question was inserted for the benefit of third parties. If the language used is ambiguous (and we agree with the opinion of the learned trial judge that it is) or susceptible of two interpretations, then that construction which favors the insured should be adopted. Schmidt v. Utilities Ins. Co., 353 Mo. 213, 182 S.W.2d 181, 183, 154 A.L.R. 1088.

■ Ordinarily, when the terms of a contract are ambiguous or susceptible of two different interpretations, then the construction placed upon it by the parties will control; but if one party construes the contract in such a manner as to be against

his interest, then that construction is binding on him. Lawton-Byrne-Bruner Ins. A. Co. v. Stiers Bros. C. Co., Mo.App., 186 S.W.2d 480, 486.

Defendant, both before and after issuance of the policy in question, caused to be published the following with reference to "Coverage 1." hereinabove quoted, to wit:

"C—Medical Payment

"M. F. A. Mutual will pay medical expenses for all *members of your family* injured while in your car or in other cars or when struck by any car anywhere. It also pays for others injured while in your car, or injured by your car whether you are liable or not. Payments will be made up to a year for medical, dental, surgical, ambulance, hospital, nursing, artificial limbs and funeral expenses. Choose your own limits, $500, $1,000 or $2,000 for each person." Italics ours.

■ Again we agree with the expressed view of the trial court: that defendant construed the language used in the policy as referring to all members of insured's family. Certainly, deceased was a member of insured's family, as that term is generally understood, by "the man on the street." Under defendant's construction, deceased was a member of insured's household, a member of his family.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.